# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| REKIYA DAWSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:08-cv-01849 |
| v. | : | |
| | : | |
| FORD MOTOR COMPANY, | : | Judge Christopher A. Boyko |
| | : | |
| Defendant. | : | |

## STIPULATED PROTECTIVE ORDER

Pursuant to the stipulation of the parties, through their respective counsel, IT IS HEREBY ORDERED as follows:

(1) This Stipulated Protective Order governs the use of information and documents produced through discovery in the above-referenced action.

(2) The parties agree that they shall use Confidential documents and information, as described below, only for the purposes of preparing for and conducting litigation proceedings in this action, and only in the manner prescribed herein.

(3) "Confidential documents and information" shall include, but shall not be limited to, Plaintiff's tax returns and medical records, Defendant Ford Motor Company's ("Defendant" or "Company") trade secret information, financial information, employee files and other employment-related documents, Company policies and procedures, contracts and/or agreements entered between Defendant and other third parties.

(4) Either party may object to the designation of particular material as Confidential by giving written notice to all other parties. Such written notice shall identify that material to which the objection is directed and the basis for the objection. If the

parties are unable to resolve their differences within ten (10) days of the time the notice is received, the objecting party may file an appropriate motion requesting that the Court order that the disputed material shall not be subject to the protection of this Order. The designating party shall have the burden of establishing the confidential nature of the material. The disputed material shall remain subject to all terms of this Stipulated Protective Order until the parties agree or the Court rules otherwise.

(5) The parties will, in a manner that will not interfere with the legibility of such documents, place or affix to each document produced pursuant to this Stipulated Protective Order an imprint or legend, "Confidential – Subject to Protective Order."

(6) All documents produced pursuant to this Stipulated Protective Order shall not be copied or reproduced in any form, except for the witnesses or consultants employed or retained by the parties, their legal counsel and necessary staff employees thereof, or their representatives, in connection with this specific litigation and the content and substance of such documents may in no way be shown, divulged or otherwise communicated to any person or entity, and for no other purpose.

(7) Counsel making disclosure to the witnesses or consultants employed or retained by the parties, their legal counsel and necessary staff employees thereof, or their representatives, in connection with this specific litigation shall advise any such person or entity of the express terms of this Stipulated Protective Order, and shall provide such person or entity with a copy if he or she so requests.

(8) Counsel for the parties shall maintain a complete list of all persons or entities who receive or who are shown documents produced pursuant to this Stipulated Protective Order by said counsel and, if requested, shall provide this list to the other parties' counsel at the conclusion of this litigation.

(9) If any document or other material or information produced pursuant to this Stipulated Protective Order is used in connection with any deposition or pleading or is attached to any deposition transcript or pleading as an exhibit, the portion of the transcript of such deposition or such pleading referencing or attaching the document or other material or information produced pursuant to this Stipulated Protective Order shall be filed under seal and such portion of the deposition or pleading shall be subject to the provisions of this Stipulated Protective Order.

(10) At the conclusion of this litigation, whether by dismissal, settlement, trial, order of this Court, or otherwise, upon the request of the producing party, all documents produced pursuant to this Stipulated Protective Order shall be returned to counsel for the producing party. If the documents are not requested to be returned, receiving counsel will destroy them in accordance with their standard document retention procedures.

Case 1:08-cv-00849-CAB Document 11 Filed: 10/28/2008 Page 2 of 3

(11) This Court shall retain jurisdiction following the termination of this action for enforcement of the provisions of this Stipulated Protective Order and any orders entered pursuant to this Stipulated Protective Order.

(12) Nothing in this Stipulated Protective Order shall be deemed to preclude the admission into evidence of this case the documents subject to this Stipulated Protective Order, and the parties herein have reserved all rights to seek admission into evidence of such information, or to object to the admissibility of such materials, subject to the terms of this Stipulated Protective Order.

IT IS SO ORDERED.

```
    s/Christopher A. Boyko
```
Judge Christopher A. Boyko

```
    October 28, 2008
```

STIPULATED TO:

/s/ Kevin T. Roberts
Kevin T. Roberts (0037479)
ktr@netlawyersgroup.com
7987 Columbia Road, Suite 2
Olmsted Falls, Ohio 44138
(440) 793-6255
(216) 781-6167 (facsimile)

*Attorney for Plaintiff*
*Rekiya Dawson*

/s/ Janine H. Jones
Ronald Linville (0025803), Trial Attorney
rlinville@bakerlaw.com
Janine Hancock Jones (0073555), Counsel
jjones@bakerlaw.com
BAKER & HOSTETLER LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215
(614) 228-1541
(614) 462-2616 (facsimile)

*Attorneys for Defendant*
*Ford Motor Company*